**NOVA STYLINGS, INC., a California corporation, Plaintiff-Appellant,**

v.

**David L. LADD,\* Register of Copyrights, Defendant-Appellee.**

**No. 80–5653.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1981.

Decided Jan. 6, 1983.

Michael A. Painter, Cooper, Epstein & Hurewitz, Los Angeles, Cal., for plaintiff-appellant.

John Fargo, Washington, D.C., argued, for defendant-appellee; Thomas S. Martin, Acting Asst. Atty. Gen., Washington, D.C., on brief.

---

\* Pursuant to Fed.R.App.P. 43(c), David L. Ladd, successor to the original appellee, Barbara A. Ringer, was substituted as a party.

Before ANDERSON and CANBY, Circuit Judges, and CRAIG,** District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Nova Stylings, Inc. (Nova) brought a mandamus action under 28 U.S.C. § 1361 to compel the Register of Copyrights to register Nova's claims of copyright. The district court, the Honorable Terry J. Hatter presiding, dismissed the action for lack of subject matter jurisdiction. We affirm.

## I. FACTS

In 1979, Nova submitted several jewelry designs for copyright registration. The Copyright Office, through its Register of Copyrights, refused to register ten of the designs because they purportedly were not "original works of authorship" as required by 17 U.S.C. § 102(a).

In September of 1979, Nova brought a mandamus action under 28 U.S.C. § 1361 to compel registration. The Register moved for dismissal under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for summary judgment under Fed.R.Civ.P. 56(e). Nova made a cross motion for summary judgment. Judge Hatter granted the Register's motion to dismiss for lack of subject matter jurisdiction. It was Judge Hatter's belief 17 U.S.C. § 411(a), which allows a party to sue for infringement even though registration has been denied, is an adequate alternative remedy making mandamus jurisdiction inappropriate. The dismissal was without prejudice to ensure Nova the right to bring an infringement action under § 411(a).[1]

** The Honorable Walter E. Craig, Senior United States District Judge, District of Arizona, sitting by designation.

1. In fact, Nova subsequently sued for infringement of one of its jewelry designs. *Nova Stylings, Inc. v. Midas Creations, Inc. and David L. Ladd,* Civ. No. 80–3820–WMB, Cen-

## II. ISSUE

The issue in this case is straightforward: Did the district court have jurisdiction under 28 U.S.C. § 1361 to compel the Copyright Office to register Nova's claims? We answer this question in the negative.

## III. DISCUSSION

Nova invoked federal jurisdiction through 28 U.S.C. § 1361. It provides:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Section 1361's "in the nature of mandamus" remedy does not expand the generally recognized scope of mandamus; its primary purpose is to expand the scope of venue in a mandamus action beyond the District of Columbia. *Jarrett v. Resor,* 426 F.2d 213, 216 (9th Cir.1970); *see Stafford v. Briggs,* 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). Its remedy remains extraordinary and it is appropriate only when the plaintiff's "claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Jarrett,* 426 F.2d at 216; *Tagupa v. East-West Center, Inc.,* 642 F.2d 1127, 1129 (9th Cir.1981). "Mandamus does not lie to review the discretionary acts of officials." *Nelson v. Kleppe,* 457 F.Supp. 5, 8 (D.Idaho 1976), *aff'd sub nom. Nelson v. Andrus,* 591 F.2d 1265 (9th Cir.1978).

The availability of an adequate alternative remedy will also preclude mandamus review. *Save the Dunes Council v. Alexander,* 584 F.2d 158, 162 (7th Cir.1978); *see also Askew v. United States Dist. Court for the Central Dist. of California,* 527 F.2d 469, 470 (9th Cir.1975). Additionally, mandamus review may not generally be used

tral District of California. Summary judgment was granted by minute order for the defendant Ladd, the court holding the refusal to register by the Copyright Office was proper. While this would remove one of Nova's claims of copyright from our review, the refusal to register nine other claims is still at issue.

when a statutory mode of review has been prescribed. *Wilmot v. Doyle,* 403 F.2d 811, 816 (9th Cir.1968).

Under the 1909 Copyright Act, mandamus has been held available to review the refusal to register an applicant's claim of copyright. *Bouve v. Twentieth Century-Fox Film Corp.,* 122 F.2d 51 (D.C.Cir.1941); *Bailie v. Fisher,* 258 F.2d 425, 426 (D.C.Cir. 1958); *Eltra Corp. v. Ringer,* 579 F.2d 294, 296 n. 4 (4th Cir.1978); *Esquire, Inc. v. Ringer,* 591 F.2d 796, 806 n. 28 (D.C.Cir. 1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979).[2] The parties do not cite, nor have we found, any cases involving the propriety of invoking § 1361's mandamus remedy under the 1976 Copyright Act.

A primary reason for the courts' recognition of the propriety of mandamus review in this area was that registration of a copyright was considered a prerequisite to an infringement suit under the 1909 Act. *Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Company, Inc.,* 260 F.2d 637, 640–641 (2d Cir.1958). In *Vacheron,* the court held a copyright plaintiff could not sue for infringement without first registering his claim. In doing so, Judge Learned Hand's opinion discussed the role of mandamus to compel registration, as used by the District of Columbia Circuit in *Bouve, supra,* 122 F.2d 51:

> It is the rule in the District of Columbia as well as elsewhere that "mandamus" should not go when another adequate remedy exists. Therefore, the affirmance of the judgment below necessarily presupposed that no action for infringement would lie in which the question of "registration" could be decided.

260 F.2d at 640 (citations omitted).

■ The 1976 Copyright Act obviates the need for a mandamus remedy. 17 U.S.C. § 411(a) provides:

> (a) Subject to the provisions of subsection (b), no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

As is evident, a party may now sue for infringement notwithstanding the refusal of the Register to register the claim to copyright. The only precondition is that notice be served on the Register. Once that has occurred, the district court can determine both the validity of the copyright, which in turn determines its registrability, as well as whether an infringement has occurred. The purpose of § 411(a) was, in the words of the House Judiciary Committee Report, to "alter the present law as interpreted in *Vacheron....*" H.R.Rep. 1476, 94th Cong., 2d Sess. 157, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5659, 5773.

We believe that under the 1976 Act mandamus review is no longer available, at least when an infringement has occurred. In such a situation, the need for the extraordinary remedy would be gone; an adequate remedy clearly exists. The question remains, and the parties dispute, however, whether mandamus is available to review the refusal to register before an infringement has occurred. The Register contends § 411(a) still provides an adequate remedy in this situation. Nova, of course, argues to the contrary, asserting that registration creates important, although limited, rights;

2. This circuit has never addressed whether mandamus is available to review the refusal to register a claim of copyright.

also, a potential copyright owner might wish to determine registrability prior to an infringement. *See Esquire, supra*, 591 F.2d at 808 (Leventhal, J., concurring); M. Nimmer, *The Law of Copyright*, § 7.21[B] p. 7–154 (1982).

It is unnecessary for us to determine the adequacy of § 411(a)'s remedy because the 1976 Copyright Act provides another mode of redress for a rejected registrant. Except in an area not important here, 17 U.S.C. § 701(d) expressly makes the provisions of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, applicable to "all actions taken by the Register of Copyrights...." The House Committee Report, *supra* at 171, explains this provision simply: "[T]he Copyright Office is made fully subject to the Administrative Procedure Act...." 1976 *U.S.Code Cong. & Adm.News* 5787. Although a simple explanation, it suffices to lead us to conclude that mandamus is no longer available as a basis for review in this area.

Surprisingly, neither party raised this subject before this court or the court below. In such an instance, we often will ask the parties to brief the issue. Review under the APA is so clearly provided for, however, that we do not feel further briefing would be necessary.

## IV. CONCLUSION

The district court properly dismissed Nova's mandamus action under 28 U.S.C. § 1361. The availability of review through the Administrative Procedure Act, as expressly allowed by the 1976 Copyright Act, is an adequate remedy precluding mandamus jurisdiction.

The order dismissing the action is

AFFIRMED.