Alan Jay STANG, Plaintiff/Appellant,

v.

INTERNAL REVENUE SERVICE and William Connett, District Director; Roberta L. Hagopian, Special Agent; Pamela Piland, of District Council, Defendants/Appellees.

No. 85–5572.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 22, 1986.*

Decided April 24, 1986.

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f).

**565**

Allan Jay Stang, in pro. per.

Mark Bonner, Asst. U.S. Atty., Los Angeles, Cal., for defendants/appellees.

Before TANG, FERGUSON, and HALL, Circuit Judges.

PER CURIAM:

Plaintiff Alan Stang filed a petition for a writ of mandamus to compel the Internal Revenue Service (IRS) to calculate his income tax and penalties liability and to provide him notice of the assessment. The district court dismissed the petition for lack of jurisdiction. We affirm.

For some time, Stang unsuccessfully sought an IRS assessment of his income tax liability for back taxes for 1978, 1979, and 1980, years for which he filed no tax returns. After several requests, he filed a complaint in federal district court seeking a judical order to compel the IRS to perform the assessment. Stang contends on appeal that (1) mandamus is proper because the IRS has a nondiscretionary duty to assess his tax liability for 1978, 1979, and 1980; (2) the district court deprived him of due process by issuing a tentative ruling prior to the hearing on the IRS's motion to dismiss and by not providing him with more time to prepare a response to the tentative ruling; and (3) the IRS denied him equal protection by labeling him a "tax protester" in the papers accompanying its motion to dismiss.

We review de novo the district court's dismissal for lack of mandamus jurisdiction. *Pescosolido v. Block,* 765 F.2d 827, 829 (9th Cir.1985). Mandamus writs, as extraordinary remedies, are appropriate only when a federal officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is "so plainly prescribed as to be free from doubt." *Id.* (quoting *Nova Stylings, Inc. v. Ladd,* 695 F.2d 1179, 1180 (9th Cir.1983)).

The district court properly dismissed this case for lack of mandamus jurisdiction. The IRS has no "nondiscretionary duty" to assess Stang's taxes on demand. The IRS is "required to make the inquiries, determinations, and assessments of all taxes" imposed by Title 26. 26 U.S.C. § 6201(a). However, 26 U.S.C. § 6501(c)(3) provides that the IRS may assess the tax liability of individuals who fail to file a return "at any time." *Cf. Badaracco v. Commissioner,* 464 U.S. 386, 395, 104 S.Ct. 756, 762–63, 78 L.Ed.2d 549 (1984) (interpreting similar language in fraud provision); *United States v. Voorhies,* 658 F.2d 710, 714 (9th Cir.1981) (IRS need not

assess a tax liability before referring case to Department of Justice for criminal prosecution for failure to file a return). Because the Secretary had discretionary power to assess Stang's taxes for the years in question, mandamus jurisdiction is precluded. The district court correctly dismissed for lack of subject matter jurisdiction.[1]

■■■ Stang's due process argument is equally without merit. He presents no reason or authority to support his claim that the issuing of a tentative ruling violates due process. If anything, the tentative ruling permitted Stang to address the court's specific concerns. We also find no error in the district court's granting only one hour for Stang to review the ruling before the hearing. The tentative ruling raised only issues addressed in the moving papers. We, therefore, fail to see how the district court's actions prejudiced Stang.

■■■ Finally, Stang fails to explain how the IRS violated his right to equal protection by labeling him a "tax protester" in its moving papers. Stang informed the district court that he was not a tax protester, thus correcting any prejudice that might arise from the mischaracterization. If his argument is that the IRS is selectively enforcing the tax laws against him, then his argument is premature, since the Department of Justice has not decided whether to prosecute him.

AFFIRMED.