978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Gary HOUSLEY, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendant-Appellees.
 No. 91-16031.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 16, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Gary Housley, a federal prisoner, petitioned the district court for a writ of mandamus under 28 U.S.C. § 1361 to compel the Department of Justice, the Federal Bureau of Investigation (FBI), and the Drug Enforcement Administration (DEA) to disclose documents, files, and records obtained through the alleged illegal use of electronic surveillance devices.[1] The district court dismissed Housley's complaint on the ground that he could obtain adequate relief through his action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which he filed simultaneously with his mandamus action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's determination of lack of mandamus jurisdiction de novo. Pescosolido v. Block, 765 F.2d 827, 829 (9th Cir.1985). Mandamus under section 1361 is an extraordinary remedy. Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir.1983). "Under the established rule the writ of mandamus cannot be made to serve the purpose of an ordinary suit. It will issue only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined." United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931). See also Nova Stylings, 695 F.2d at 1180. Additionally, the availability of an adequate alternative remedy precludes mandamus jurisdiction. Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986); Pescosolido, 765 F.2d at 829; Nova Stylings, 695 F.2d at 1180.
 
 
 4
 Housley contends that he is entitled to mandamus relief because he cannot secure the information he desires through FOIA. He alleges that the information he seeks is contained under several different names and that his FOIA action relates only to documents under the name of Ralph Nizet. However, Housley concedes that he has authorizations from many other persons and that he is pursuing FOIA actions under these names. His action for a writ of mandamus, therefore, appears to be an attempt to escape making numerous requests under FOIA. Mandamus under these circumstances would permit Housley to circumvent the procedures established by FOIA. We agree with the district court that mandamus jurisdiction is lacking because Housley can resort to FOIA actions to obtain the information he seeks.
 
 
 5
 Housley also admits that his civil suit against the Department of Justice for money damages and the disclosure of the use of electronic surveillance filed in the District Court for the District of Columbia, No. 89-0436, may provide the information he is seeking. He suggests in his reply that this court "conditionally" grant mandamus dependent on pending motions to dismiss in that case, and states, "normal civil discovery should provide all such information." Housley has an adequate alternative remedy which precludes mandamus jurisdiction.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Housley originally filed his action for mandamus relief in the United States District Court for the District of Columbia. Upon the motion of the government, the action was transferred to the District Court for the District of Nevada where Housley's criminal prosecutions were filed. See 28 U.S.C. § 1404(a). We apply the law of the Ninth Circuit as the transferee jurisdiction. See 1A-Pt. 2 Moore's Federal Practice p 0.345[4.-6]