24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Steve R. GELIS, Petitioner-Appellant
v.
John SULLIVAN; M.W. Hillebrand, Respondents-Appellee.
 No. 93-56232.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steve R. Gelis, a federal prisoner, appeals pro se from the district court's order granting summary judgment in favor of the defendant prison officials. He claims the defendants improperly relied upon a subsequent federal sentence, which he has not yet begun to serve, in determining his security level and prison placement. He claims the Bureau of Prisons' "internal detainer," based upon the subsequent sentence, violates the Interstate Agreement on Detainers Act (IADA) and his right to due process, and therefore he is entitled to mandamus relief ordering the detainer removed from his prison files. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the grant of summary judgment de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We must determine whether the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 The district courts " 'have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.' " Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir.1983) (quoting 28 U.S.C. Sec. 1361). Mandamus is an "extraordinary remedy ... appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir.1994) (quotations omitted); see also Ladd, 695 F.2d at 1180 (mandamus does not lie to review officials' discretionary acts).
 
 
 5
 Here, on March 30, 1988, Gelis was convicted for passing counterfeit obligations and sentenced to thirty years imprisonment under pre-United States Sentencing Guidelines law. On April 5, 1989, he was convicted for assault with a deadly weapon and sentenced to five years imprisonment pursuant to the Sentencing Guidelines. The district court ordered the five-year term "to run consecutively to any term of imprisonment."
 
 
 6
 Gelis was admitted to the United States Penitentiary in Lewisburg, Pennsylvania, on February 13, 1991, and assigned security level "High." He was transferred to the United States Penitentiary in Lompoc, California, on October 3, 1991. On October 9, 1991, the Bureau of Prisons issued a "detainer action letter" stating that "[a] detainer has been filed against [Gelis] ... charging [a]ssault with a deadly weapon...." The internal detainer was filed pursuant to Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual, which provides that Guidelines and pre-Guidelines sentences "shall not be aggregated." Gelis's security level remained "High."
 
 
 7
 First, Gelis contends that the internal detainer violates the IADA. This contention lacks merit because the IADA applies only to detainers based on "criminal charges pending against a prisoner." Carchman v. Nash, 473 U.S. 716, 725 (1985); see also United States v. Hall, 974 F.2d 1201, 1204-05 (9th Cir.1992) ("The purpose of the IADA is to create a productive rehabilitative environment for prisoners serving sentences in one state by facilitating the disposition of charges pending in another state or by the United States."). Gelis was tried and sentenced on the assault charge; the charge no longer is pending.
 
 
 8
 Second, Gelis contends that the internal detainer violates his right to due process because if his sentences were aggregated he believes he could receive a better security classification and prison placement. This contention lacks merit.
 
 
 9
 A prisoner does not have a constitutional right to a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). The Bureau of Prisons has discretionary authority to designate a federal prisoner's place of confinement. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991).
 
 
 10
 As the district court found, it is reasonable for the Bureau of Prisons to consider a prisoner's various convictions and sentences in determining prison placement. Gelis did not show that the defendants had any non-discretionary duty to ignore the assault conviction or to aggregate his sentences. See id. Accordingly, the district court did not err by denying mandamus relief. See Barron, 13 F.3d at 1374; Ladd, 695 F.2d at 1180.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3