Gloria **SALERNO** and Emelise Aleandri, Plaintiffs,

v.

**CITY UNIVERSITY OF NEW YORK,** John D. Calandra, Italian American Institute, Matthew Goldstein, Chancellor, and Joseph Scelsa, Director Defendants.

**No. 99 Civ. 11151(NRB).**

United States District Court, S.D. New York.

Oct. 23, 2001.

Edmund P. D'Elia, New York City, John B. Clarke, Jr., Highsaw, Mahoney & Clarke, P.C., Washington, D.C., for Plaintiffs.

## MEMORANDUM AND ORDER

BUCHWALD, District Judge.

Plaintiffs, Gloria Salerno and Emelise Aleandri, bring suit against defendants City University of New York ("CUNY"), the John D. Calandra Italian American Institute ("Calandra Institute"), Matthew Goldstein, Chancellor of CUNY, and Joseph Scelsa, Director of the Calandra Institute. Plaintiffs allege defendants' violation of (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); (2) the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.* (the "ADA"); (3) the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, *et seq.*

(the "FMLA"); (4) the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA"); and (5) the copyright law.

Now pending is defendants' motion (1) to dismiss the copyright claims against CUNY and Calandra Institute on sovereign immunity grounds and against Goldstein and Scelsa on a variety of grounds and (2) to have the ADA, FMLA, and New York Human Rights Law claims (Counts III–V of the Amended Complaint) stricken on the ground that the plaintiffs failed to appeal this Court's earlier dismissal of those claims. *See Salerno v. CUNY*, 2000 WL 1277324, at *3 (S.D.N.Y.2000). For the reasons discussed below, we deny the motion to dismiss the copyright claim against the individual defendants, deny the motion to strike counts III–V of the amended complaint, and grant the motion to dismiss the copyright claim against CUNY and the Calandra Institute.

## BACKGROUND

The pending motion focuses primarily on the copyright claim of plaintiff Emelise Aleandri, who claims that the defendants interfered with her ability to market a documentary entitled "Teatro: The Legacy of Italian–American Theater," which she claims she wrote in conjunction with the Calandra Institute and CUNY/TV. Aleandri claims that, although the documentary itself is a work for hire, she incorporated earlier work to which she held the copyrights into the final product, and that, therefore, her copyrights in the incorporated material still remain intact. Aleandri claims that the Calandra Institute has interfered with her ability to market the documentary since its completion by insisting that it is the sole owner of the copyright and that she has no rights to distribute the work. Aleandri also claims that the Calandra Institute has not accounted to her for any of the revenues received from the sale or distribution of "Teatro."

Aleandri further alleges that the Calandra Institute removed from her workplace a second documentary, "Festa: Italian Festival Traditions," in which she also claims a copyright in materials incorporated into the finished product.

## DISCUSSION

### I. Motion to Dismiss Standard

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), we accept as true all material factual allegations in the complaint, *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l, Ltd.*, 968 F.2d 196, 198 (2d Cir.1992), and may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir.1996). In addition to the facts set forth in the complaint, we may also consider documents attached thereto and incorporated by reference therein, *Automated Salvage Transport, Inc. v. Wheelabrator Envtl. Sys., Inc.*, 155 F.3d 59, 67 (2nd Cir.1998), as well as matters of public record. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998).

### II. Motion to Dismiss Copyright Claim Against Defendants CUNY and Institute

Relying on this Court's earlier determination that the Calandra Institute and CUNY be treated as arms of the State for Eleventh Amendment purposes and on the Supreme Court's holding that states could not be sued for trademark violations unless they waived their Eleventh Amendment immunity, *Florida Prepaid v. College Savings Bank*, 527 U.S. 627, 636, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999) (holding that Congress had no power under Article I to abrogate state sovereign immunity), these defendants maintain that they are immune

from suit under the copyright laws. Other circuits have applied *Florida Prepaid* in the copyright context. *See, e.g., Chavez v. Arte Publico Press,* 204 F.3d 601, 608 (5th Cir.2000). As plaintiffs do not contest this argument, the copyright claim is dismissed as to CUNY and the Calandra Institute.

### III. Motion to Dismiss the Copyright Claim against the Individual Defendants

#### A. Plaintiffs Have Complied with Pleading Requirements

Defendants have challenged the facial sufficiency of plaintiffs' complaint. Initially, they argue without benefit of authority that there is a heightened pleading requirement for violations of copyright law. However, there is no such heightened requirement for copyright claims.

Defendants next allege that plaintiffs have improperly pled subject matter jurisdiction because they have not stated a proper copyright claim. Applying the test set out by the Second Circuit in *T.B. Harms v. Eliscu,* 339 F.2d 823, 828 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965), the complaint raises an issue of copyright law. *See Bassett v. Mashantucket Pequot Tribe,* 204, F.3d 343, 352–54 (2d Cir.2000) *abrogating Schoenberg v. Shapolsky Publishers, Inc.,* 971 F.2d 926 (2d Cir.1992). A plaintiff need only allege copyright infringement or seek an injunction under the Copyright Act to plead federal jurisdiction adequately under the *T.B. Harms* test. *Bassett,* 204 F.3d at 349. Here, Aleandri claims that she has a valid unregistered copyright in works that she incorporated into works for hire for the defendant and seeks to enjoin defendants' alleged infringement in that copyright.

Defendants also claim that this Court lacks subject matter jurisdiction because Aleandri's sole remedy for her copyright claim is to seek a writ of mandamus

requiring the Register of Copyrights to accept her copyright application. We do not believe Aleandri's options to be so limited. Aleandri has alleged that she has filed her application, deposit, and fee, as well as a copy of the complaint in this case with the Register, in compliance with the procedures set out in 17 U.S.C. § 411(a). These actions are sufficient to permit her to bring this action in federal court without seeking mandamus. *Nova Stylings v. Ladd,* 695 F.2d 1179, 1181 (9th Cir.1983).

Defendants also challenge plaintiffs' claims on their merits, submitting an affidavit to dispute plaintiffs' interpretation of the CUNY Research Foundation's copyright policy, and on that basis arguing that there are flaws in her claim which would preclude federal subject matter jurisdiction in this matter. Submission of affidavits supporting CUNY's interpretation of the Research Foundation and University-wide copyright policies is improper on a motion to dismiss. This argument, however, is prematurely presented and is better reserved for a motion for summary judgment should such a motion be appropriate following discovery. Discovery will shed light on whether: (1) Aleandri has a copyright in the work incorporated into "Teatro;" (2) the incorporated works were themselves works for hire; and (3) Aleandri relinquished her copyrights to the underlying works by incorporating them into "Teatro."

#### B. Based on Plaintiffs' Complaint, the Court Cannot Determine Whether the Statute of Limitations Has Run

Defendants claim that the three year statute of limitations under the Copyright Act has run. 17 U.S.C. § 507(b). The Second Circuit has held that the statute of limitations applies to each individual act of infringement. *Merchant v. Levy,* 92 F.3d 51, 57 n. 8 (2d Cir.1996). In the case

of multiple acts of infringement, only those that occurred within three years of the filing of the action would be viable. The Second Circuit explicitly rejected the Seventh Circuit's notion of a "rolling" statute of limitations, by which later infringing acts could keep the statute of limitations from running on all earlier infringing acts, including even those acts that were more than three years old. *See Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir.1993), rejecting the approach of *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir.1983). In this case, the complaint does not allege enough facts to establish precisely when the infringing acts took place. Given the standard for evaluating a motion to dismiss discussed above, the Court cannot yet determine whether the statute of limitations has run. The fact that plaintiffs seek only prospective relief does not alter the analysis, otherwise a plaintiff could revive a time-barred copyright claim under the guise of seeking only prospective relief. Again, should the facts developed during discovery support a statute of limitations argument, it may be advanced on a motion for summary judgment.

### C. Individual Defendants Claim of Eleventh Amendment Immunity

Defendants argue that the individual defendants, Goldstein and Scelsa, are immune from suit under the Eleventh Amendment because the plaintiffs have not alleged with specificity how the officers are connected with the enforcement of the alleged violations of Aleandri's copyright. The Supreme Court has long permitted suits for injunctive and declaratory relief against state officers in their official capacities. *See Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). To maintain such a suit it is sufficient for the plaintiff to allege some connection between the official and the enforcement of the illegal act. *Id.*, at 157, 28 S.Ct. 441. Here, plaintiffs' allegations of the individual defendants' albeit limited involvement in the alleged copyright infringement are sufficient to subject them to suit.

Defendants also argue that our earlier holding that CUNY and the Calandra Institute are arms of the state precludes plaintiffs' reliance on *Ex Parte Young* because the state is the real party in interest in this matter. *See Salerno*, 2000 WL 1277324, at *3. While the *Ex Parte Young* exception to state sovereign immunity does not include suits for money damages that would have to be paid out of the state treasury, *Edelman v. Jordan*, 415 U.S. 651, 663–64, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), Aleandri seeks only prospective injunctive relief, which is permitted under *Ex Parte Young*. Nor does plaintiffs' requested relief infringe on the state's sovereign power sufficiently to make the present claim comparable to the relief sought in *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997), in which plaintiffs sought a declaration of title to land. Plaintiffs in this suit seek a prospective injunction to prevent a state official from violating federal law, which is precisely the type of relief which the *Ex Parte Young* exception was created to provide.

### D. Standing

Defendants also contend that Aleandri does not have standing to sue on the copyright claim. Under the test set out in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), a plaintiff must demonstrate actual injury, causation, and redressability. Aleandri has pled those elements. Aleandri seeks to enjoin alleged continuing copyright infringement and alleges a causal connection between the individual defendants' actions in their official capacities and the alleged injury. Finally, the remedy Aleandri seeks would not be

speculative, as defendants argue. Rather, she seeks a declaration of her copyright and an injunction preventing defendants from marketing her work without her permission and not unfettered access to the allegedly protected materials. Plaintiffs' complaint alleges facts sufficient on its face to survive defendants' motion to dismiss for lack of standing.

### IV. Motion to Strike Counts III–V of the Amended Complaint

Defendants argue that plaintiffs had the right to an interlocutory appeal of this Court's dismissal of their claims under FMLA, ADA, and New York Human Rights Law on state sovereign immunity grounds and that having failed to exercise that right have waived their challenge to our earlier decision. While the denial of a sovereign immunity claim is immediately appealable under the collateral order doctrine, *Puerto Rico Aqueduct v. Metcalf,* 506 U.S. 139, 144–45, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993), the opposite is not true. None of the arguments the State advances for its assertion of immediate appealability withstand scrutiny. There is no significant state interest at stake if it must later relitigate issues which were earlier found to be subject to immunity, and there is no relevant parallel between grants of sovereign immunity and judicial immunity, which could have a significant effect on other issues in a case. Accordingly, there is no automatic right to appeal the granting of sovereign immunity. As plaintiffs had no right to appeal this Court's dismissal of counts III–V, they could not have waived their right to do so. The motion to strike counts III–V of the amended complaint is denied.

### CONCLUSION

For the reasons discussed above, defendants' motion is granted in part and denied in part. The parties are hereby ordered to appear on Tuesday, November 6, 2001, at 3:30 p.m. for a conference.

**IT IS SO ORDERED.**