Walter JAYNES, et al. Plaintiffs—Appellants,

v.

Hansford T. JOHNSON,* Honorable, Secretary of Navy; et al.

No. 01–35657.
D.C. No. CV–00–05221–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided May 22, 2003.

* Hansford T. Johnson is substituted for his predecessor, Richard Danzig, as Secretary of the Navy. Fed. R.App. P. 43(c)(2).

Before BEEZER, GOULD and BERZON, Circuit Judges.

MEMORANDUM **

Plaintiffs, a group of shipwrights employed at Puget Sound Naval Shipyard

---

** This disposition is not appropriate for publication and may not be cited to or by the

(PSNS), appeal the district court's order dismissing their suit for lack of jurisdiction. Plaintiffs requested that the district court change the applicable retroactive date of a PSNS manager's grievance decision awarding them pay differentials established for work in certain dangerous conditions. They also challenge the district court's denial of class certification in their case. Reviewing *de novo* the district court's dismissal for lack of subject matter jurisdiction, *Tucson Airport Authority v. General Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir.1998), we hold that the district court did not have jurisdiction of the plaintiffs' claims. We recount facts only as necessary to explain our result.

Plaintiffs' district court complaint requests that the court vacate the grievance decision's retroactive date of March 23, 1999 and use its mandamus powers both to order new retroactivity provisions reflective of the specific dates upon which individual plaintiffs first became eligible for differential pay and to declare plaintiffs' entitlement to interest on the unpaid differentials. Plaintiffs assert the following sources of district court jurisdiction: (1) the Back Pay Act, 5 U.S.C. § 5596 *et seq.;* (2) mandamus provisions at 28 U.S.C. § 1361; (3) the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.;* (4) the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202; (5) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (6) a purported counterclaim by defendants. We address each in turn.

█ 1. Plaintiffs cannot invoke district court jurisdiction of their claims under the Back Pay Act, 5 U.S.C. § 5596 *et seq.,* because the Back Pay Act is not an independent basis for jurisdiction. *See Bowen v. Massachusetts,* 487 U.S. 879, 907 n. 42, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988)

(noting that Back Pay Act suits are brought pursuant to Tucker Act jurisdiction); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (Tucker Act serves as jurisdictional basis for enforcement of substantive rights created by the Classification and Back Pay Acts); *cf. Mitchell v. United States,* 930 F.2d 893, 896 n. 3 (Fed.Cir.1991) ("The Back Pay Act is not itself a jurisdictional statute. It is merely derivative in application, depending on a prior finding of appropriate jurisdiction in the Claims Court.")

2. Plaintiffs cannot establish mandamus jurisdiction under 28 U.S.C. § 1361. Mandamus is an "extraordinary remedy" that will only lie when a plaintiff's claim is certain and the duty of an officer is plainly prescribed. *Tucson Airport Authority,* 136 F.3d at 648; *Nova Stylings v. Ladd,* 695 F.2d 1179, 1180 (9th Cir.1983). Moreover, "availability of an adequate alternative remedy will also preclude mandamus review." *Nova Stylings,* 695 F.2d at 1180.

█ Plaintiffs have not established that the Navy administrators sued herein have a clear ministerial duty to pay back differential pay to the retroactive date specified in their complaint. *See Tucson Airport Authority,* 136 F.3d at 648 ("[M]andamus does not lie because the defendant officers had no clear, ministerial duty to act.... Unless an officer of the United States acts without statutory authority, the officer's acts are the acts of the sovereign, immune from suit to the same extent that the United States itself is immune.") Further, plaintiffs have not demonstrated that they are without adequate alternative remedies, because the Tucker Acts provide jurisdiction for otherwise proper claims that the government has failed to pay wages owed

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

its employees. *See* 28 U.S.C. §§ 1346, 1491.

■ 3. Nor can plaintiffs successfully assert jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (APA). The APA provides relief only where an adequate remedy for plaintiffs' claims is not available elsewhere. *Tucson Airport Authority,* 136 F.3d at 645. The injunctive and declaratory relief plaintiffs seek—alteration of the grievance decision to make the payments provided therein retroactive to an earlier date—would as a practical matter result only in the payment of previously unpaid back wages. Claims for unpaid wages are authorized under the Back Pay Act, and there is jurisdiction under the Tucker Acts over Back Pay claims. *See* 5 U.S.C. § 5596; 28 U.S.C. §§ 1346, 1491. The plaintiffs therefore have adequate alternative routes to the relief they ultimately seek. *See Bowen,* 487 U.S. at 907 n. 42 (discussing availability of compensation for past labor under the Back Pay and Tucker Acts); *see also Kanemoto v. Reno,* 41 F.3d 641, 645–46 (Fed.Cir.1994).

■ 4. Plaintiffs' claim to district court jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, also fails. "[T]he Declaratory Judgment Act is not a jurisdictional statute. It does not create subject matter jurisdiction where none otherwise exists. It only creates a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit." *Jarrett v. Resor,* 426 F.2d 213, 216 (9th Cir. 1970). The Declaratory Judgment Act thus provides no independent basis for district court jurisdiction of plaintiffs' claims.

■ 5. Plaintiffs also claim that the district court had jurisdiction of their Fifth Amendment claims under 28 U.S.C. § 1331. Plaintiffs' constitutional claim, however, complains of the limited scope of a grievance award issued under a collectively-bargained grievance procedure. Plaintiffs are *not* seeking an *ab initio* adjudication of their constitutional rights with respect to the pertinent statutory and regulatory provisions. Because plaintiffs' constitutional claims are enmeshed with the government's express and implied contractual obligations, the proper remedy for the asserted constitutional claims is a suit under the Tucker Acts. *Tucson Airport Authority,* 136 F.3d at 647–48; *North Star Alaska v. United States,* 14 F.3d 36, 38–39 (9th Cir.1994) (en banc) (*North Star Alaska I*); *North Star Alaska v. United States,* 9 F.3d 36, 37 (9th Cir.1993) (*North Star Alaska II*). Accordingly, the Tucker Acts divest the district court of jurisdiction over plaintiffs' Fifth Amendment claims. *See North Star Alaska II,* 14 F.3d at 36 (district court jurisdiction over plaintiff's constitutional claims related to contract reformation barred).

6. Finally, plaintiffs contend that the assertion of a counterclaim by defendants conferred district court jurisdiction over their claims. Because the district court correctly determined that defendants did not make a counterclaim, *see* Fed.R.Civ.P. 8(a) (stating pleading requirements for a counterclaim), plaintiffs cannot claim jurisdiction under this theory.

■ Plaintiffs have failed to state claims over which we have jurisdiction. We do not address the Civil Service Reform Act issue raised by the parties, as it only arises if we otherwise have jurisdiction over this case. *See Mudge v. United States,* 308 F.3d 1220 (Fed.Cir.2002); *O'Connor v. United States,* 308 F.3d 1233 (Fed.Cir. 2002). Construing plaintiffs' pleadings as alleging possible claims under the Tucker Act, 28 U.S.C. § 1491, however, we remand to the district court with instructions

that it transfer this case to the Court of Federal Claims. *See* 28 U.S.C. § 1631.

Because we determine that plaintiffs advanced no claims for relief over which the district court had jurisdiction, we need not consider whether the district court properly denied the plaintiffs' request for class certification.

**AFFIRMED AND REMANDED.**