BEEZER, Circuit Judge:
 

 The November 23, 1993 opinion of the court, sitting en banc, concluded:
 

 We remand to the panel to determine whether North Star’s claim is contractually or statutorily based, and any other issues presented by this appeal.
 

 North Star Alaska v. United States,
 
 9 F.3d 1430, 1433 (9th Cir.1993) (en banc). Accordingly, we must determine whether North Star’s claim is contractually or statutorily based. Because we conclude that North Star’s claim for reformation is concerned solely with contractual rights, we affirm.
 

 I
 

 If a plaintiff’s claim is “concerned solely with rights created within the contractual relationship and has nothing to do with duties arising independently of the contract ... [the] claim is ‘founded ... upon [a] ... contract with the United States’ and is therefore within the Tucker Act and subject to its restrictions on relief.”
 
 North Side Lumber v. Block,
 
 753 F.2d 1482, 1486 (9th Cir.),
 
 cert. denied,
 
 474 U.S. 931, 106 S.Ct. 265, 88 L.Ed.2d 271 (1985) (citing
 
 Megapulse, Inc. v. Lewis,
 
 672 F.2d 959, 967-68 (D.C.Cir.1982)).
 
 See also Megapulse,
 
 672 F.2d at 968 (“The classification of a particular action as one which is or is not ‘at its essence’ a contract action depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought (or appropriate).”).
 

 North Star argues that its claim for reformation “seek[s] to enforce extracontractual Constitutional and statutory obligations.” The jurisdictional issue, however, turns on the “source of the rights upon which the plaintiff bases its claim.”
 
 Megapulse,
 
 672 F.2d at 968. North Star’s right to have the Outlease reformed arises only if this was the original intent of the parties.
 
 [1]
 
 Thus, North Star’s right to
 
 reformation
 
 is based upon the contractual agreement itself.
 
 [2]
 
 Un
 
 *38
 
 der
 
 North Side Lumber,
 
 the district court has no jurisdiction to hear this claim.
 

 II
 

 North Star argues that the district court cannot refuse jurisdiction if there is no alternative forum available to hear North Star’s claim. In support, North Star cites
 
 Bowen v. Massachusetts,
 
 487 U.S. 879, 901, 108 S.Ct. 2722, 2735, 101 L.Ed.2d 749 (1988) (“the doubtful and limited relief available in the Claims Court is not an adequate substitute for review in the District Court”) and
 
 Marshall Leasing, Inc. v. United States,
 
 893 F.2d 1096, 1101 (9th Cir.1990) (“The district court should not refuse jurisdiction over an equitable claim on the ground that there is an adequate remedy at law unless there is a forum in which the claim for monetary damages can be heard”).
 

 Both
 
 Bowen
 
 and
 
 Marshall,
 
 however, involve interpretations of § 704 of the APA which requires judicial review of “final agency action for which there is no other adequate remedy in a court.”
 
 Bowen
 
 could be interpreted as taking a more expansive view of district court jurisdiction under the APA than we have previously recognized. Describing the forms of monetary relief that were not “money damages” and thus were within the scope of § 702, the
 
 Bowen
 
 Court includes “ ‘equitable actions for monetary relief under a contract.’ ”
 
 Bowen,
 
 487 U.S. at 895, 108 S.Ct. at 895 (quoting Judge Bork’s opinion in
 
 Maryland Dep’t of Human Res. v. HHS,
 
 763 F.2d 1441, 1446 (D.C.Cir.1985)). This suggests that contract actions seeking equitable relief could be heard in district court under the APA.
 
 Bowen,
 
 however, did not involve a contract and it did not address the “impliedly forbids” limitation on the APA’s waiver of sovereign immunity. We therefore agree with the D.C.Circuit that “[wjithout more certain direction from the Supreme Court, we decline to overrule this Court’s very specific holdings that the APA does
 
 not
 
 waive sovereign immunity for contract claims seeking [equitable] relief.”
 
 Transohio Sav. Bank v. Director, OTS,
 
 967 F.2d 598, 613 (D.C.Cir.1992). We also note that it would make little sense to grant jurisdiction over a claim pursuant to § 704 on the ground that jurisdiction for that same claim is expressly or impliedly forbidden under § 702.
 
 See id.
 
 at 608-09.
 

 Ill
 

 We hold that the APA does not waive sovereign immunity for North Star’s contractually based claim for equitable relief. The judgment is
 

 AFFIRMED.
 

 [1]
 

 . The equitable remedy of reformation is appropriate “[i]f, by reason of mistake of law, the legal effect of the words in which a contract or conveyance is expressed is different from that on which the parties were agreed.” 3 Corbin on Contracts § 614 (1960).
 

 [2]
 

 . According to North Star, because the government "has not and cannot” make the findings
 
 *38
 
 required by the statute cited in the Outlease, "the parties were mutually mistaken in including in the Outlease the wrong statutory reference.” Unless North Star is making a clearly erroneous argument about backwards-causation, its argument must be that the government's failure to comply with § 2667 is
 
 evidence
 
 that a different statute was intended to authorize the Outlease. The claim is not that the government is violating the law; the claim is that the government is following a different law from the one stated in the contract. This, as the district court concluded, is a contractual issue.