108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
JACKSON SQUARE ASSOCIATES, a New York Limited Partnership,
Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
Buffalo Office-Region II, Defendant-Appellee.
 No. 96-6179.
 United States Court of Appeals, Second Circuit.
 March 6, 1997.
 
 APPEARING FOR APPELLANT:JOHN J. PHELAN, Buffalo, New York.
 APPEARING FOR APPELLEE:Gail Y. Mitchell, Assistant United States Attorney, Western District of New York, Buffalo, New York (Patrick J. NeMoyer, United States Attorney, Western District of New York, John J. Cahill, Associate Field Counsel, United States Department of Housing and Urban Development, on the brief).
 PRESENT: ELLSWORTH A. VAN GRAAFEILAND, THOMAS J. MESKILL, JOSE A. CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Plaintiff Jackson Square Associates ("Jackson Square") appeals from the judgment of the United States District Court for the Western District of New York. The district court granted defendant's motion for summary judgment on plaintiff's cause of action for judicial review of a United States Housing and Urban Development ("HUD") action on the ground that it was arbitrary and illegal. The district court had previously dismissed plaintiff's claim against HUD for breach of contract.
 
 
 4
 Jackson Square owns a low-income housing development in Amherst, New York. On March 13, 1979, it entered into a housing assistance payments ("HAP") contract with HUD under 42 U.S.C. § 1437(f), pursuant to which HUD agreed to make rental assistance payments to Jackson Square for certain of the development's tenants. This case involves a dispute between the parties over the amount of an adjustment HUD made in the monthly rent payable to Jackson Square to account for an inaccurate estimate of the utility expenses for the housing project.
 
 
 5
 Jackson Square essentially raises two claims on appeal: (i) that the district court erred when it found that HUD's application of the rental adjustment was not arbitrary and capricious; and (ii) that the district court erred when it dismissed Jackson Square's breach of contract claim against HUD.
 
 
 6
 We affirm. We affirm the district court's judgment dismissing Jackson Square's claim that HUD's application of the rental adjustment was arbitrary and capricious for substantially the reasons stated by the district court in its order dated May 7, 1996, as amended on May 15, 1996. See Jackson Square Associates v. United States Department of Housing and Urban Development, 927 F.Supp. 75 (W.D.N.Y.1996). We affirm the district court's judgment dismissing Jackson Square's breach of contract claim against HUD for substantially the reasons stated by the district court in its order dated November 8, 1994. See Jackson Square Associates v. United States Department of Housing and Urban Development, 869 F.Supp. 133 (W.D.N.Y.1994).
 
 
 7
 We have considered all of the plaintiff's claims on appeal and find them to be without merit.
 
 
 8
 Accordingly, the judgment of the District Court is hereby AFFIRMED.