**LULAC EAST PARK PLACE TRUST, Plaintiff,**

v.

**U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et Alia, Defendants.**

No. CIV.A. SA–98–CA–814–PMA.

United States District Court, W.D. Texas, San Antonio Division.

Dec. 16, 1998.

Ernest G. Valdez, San Antonio, TX, for Plaintiff.

William V. Cerbone, Jr., HUD, Fort Woth, TX, Karen B. Norris, U.S. Attys. Office for W.D. Tex., San Antonio, TX, for Defendants.

## ORDER

MATHY, United States Magistrate Judge.

### Factual Background

On September 10, 1998 plaintiff filed its complaint and request for issuance of a temporary injunction (docket no. 1). On November 6, 1998 plaintiff filed its first amended complaint (docket no. 25) alleging that: HUD breached its contract with plaintiff in violation of the Tucker Act; HUD procedures in deciding to foreclose violated due process; and HUD's decision to foreclose was arbitrary and capricious and an abuse of discretion in violation of the Administrative Procedure Act (APA).[1] On December 3, 1998 a hearing was held on plaintiff's motion for preliminary injunction. As a threshold matter, the court invited arguments on jurisdiction. Plaintiff contended, in sum, that its claims are permissible challenges to agency action under the APA and that the Court otherwise has jurisdiction. The government argued, in sum, that all of plaintiff's claims essentially revolved around plaintiff's contract with HUD such that the entire case should be transferred to the U.S. Court of Federal Claims. At the conclusion of argument, the court announced its assessment that all contract-based claims should be dismissed without prejudice to plaintiff re-filing them in the U.S. Court of Federal Claims[2] but that the Fourteenth Amendment and APA based claims reasonably could be considered to be separate from the contract such that those claims could proceed in this court. The court withheld its formal ruling pending the receipt of supplementary briefs on jurisdiction to be filed on December 14, 1998. Supplementary briefing allowed plaintiff an additional opportunity to address why a claim for injunctive relief based on the con-

---

1. At the hearing on December 3, 1998 plaintiff clarified that it was not pursuing any pendent state law claims, which would include a pendent state law claim for wrongful foreclosure.

2. Because plaintiff stated at the December 3 hearing that it might not pursue claims in the U.S. Court of Federal Claims and because no statute of limitations issue has been raised, this court has determined that dismissal without prejudice rather than transfer is the appropriate course of action.

tract may be heard in this court and to allow the government to address why no claim should be considered in this court. The court continued the preliminary injunction hearing until December 17, 1998. This order is entered to address the question of jurisdiction following the review of the supplementary briefs and to define the scope of the December 17, 1998 hearing.

### Jurisdiction

To sue the United States, plaintiff must establish that this Court has subject matter jurisdiction by demonstrating both a federal question under 28 U.S.C. § 1331 and a waiver of sovereign immunity. Federal question jurisdiction exists only for "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Even where a case is contractual in nature, the presence of issues requiring the interpretation of federal law and regulation give rise to a federal question. *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed.Cir.1994). In this case, plaintiff alleges that HUD procedures for foreclosure violate due process and that HUD acted arbitrarily under the APA in ordering foreclosure. As a result, there is federal question jurisdiction under § 1331.

### Sovereign Immunity

Plaintiff also must establish a valid waiver of sovereign immunity. Plaintiff contends that its claims are permissible challenges to agency action under the sovereign immunity waiver contained in the APA.

Section 702 of the APA creates no private right of action but is a broad consent to suit by the federal government in cases where the relief sought is for non-monetary damages:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief **other than money damages** and stating a claim that an agency or an officer or em-

ployee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed. . . .

5 U.S.C. § 702 (1998)(emphasis added).

The APA does not waive sovereign immunity in suits seeking money damages against the federal government. *E.g., Warner v. Cox*, 487 F.2d 1301 (5th Cir.1974). The APA does not authorize judicial review if another statute provides jurisdiction. Specifically, § 702 of the APA provides that "[n]othing herein, confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." Section 704 provides: "Agency action made review able by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."

Whether § 702 of the APA justifies District or Magistrate Court jurisdiction depends on whether plaintiff's claims fall within any of the three limitations on the APA's waiver of sovereign immunity. As noted above, the APA excludes from its waiver of sovereign immunity: (1) claims for money damages; (2) claims for which an adequate remedy is available elsewhere; (3) claims seeking relief expressly or impliedly forbidden by another statute.

### 1. money damages

In this case, plaintiff in part seeks money damages from the United States founded on a government contract. The money damages sought could well exceed $10,000.[3] Under the Tucker Act, generally the U.S. Court of Federal Claims has exclusive jurisdiction for contract actions seeking damages in excess of $10,000 from the United States. The Tucker Act provides, in pertinent part, that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or an Act of Congress or any regula-

---

**3.** First Amended Complaint; docket no. 25 at ¶¶ 1, 2a and 8. Plaintiff has not waived its right

to recover damages in excess of $10,000.

tion of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. 1491(a)(1).[4]

■ The Court finds that plaintiff's claims for damages in excess of $10,000 based on its contract with HUD fall within the scope of the Tucker Act. Accordingly, this Court will not address any of plaintiff's claims for damages in excess of $10,000 based on its contract with HUD. These are matters within the exclusive jurisdiction of the U.S. Court of Federal Claims. Defendant argues that plaintiff's Due Process Clause claim is cognizable in the Court of Claims as well because it is an action founded upon the Constitution (docket no. 38 at 2). To the extent that plaintiff seeks a money judgment against the United States in excess of $10,000 based on the Fourteenth Amendment, that claim is properly litigated in the Court of Federal Claims.

## 2. adequacy of remedy elsewhere

■ Under § 704 of the APA only "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." The Tucker Act allows the Court of Claims to "render judgment upon any claim against the United States founded... upon ... any regulation of an executive department ... or upon any express or implied contract with the United States...." 28 U.S.C. § 1491(a)(1). Accordingly, HUD argues that plaintiff has an adequate remedy in the Court of Claims under the Tucker Act and that, therefore, the APA does not authorize judicial review of any of plaintiff's claims in this court (docket no. 26 at 11–13).[5] At the oral argument on December 3 and in its supplementary brief, HUD urged this Court to transfer the entire case to the U.S. Court of Federal Claims on the ground that all of plaintiff's claims could be litigated in the U.S.

Court of Federal Claims because plaintiff, in essence, raises contract issues (docket no. 25, ¶ 4; docket no. 38). Plaintiff, on the other hand, argues that no adequate remedy is available in the Court of Claims, since plaintiff does not merely seek money damages. Plaintiff argues that primarily it seeks injunctive relief to keep the property which HUD has slated for foreclosure.

■ The Tucker Act does not confer jurisdiction on the U.S. Court of Federal Claims to consider broad equitable relief. The Tucker Act, as amended, permits the Court of Federal Claims to grant certain equitable relief ancillary to claims for money relief over which it has jurisdiction. For example, the Court of Federal Claims may grant equitable relief to afford complete relief on any contract claim brought before the contract has been awarded under § 1491(b)(2). Additionally, under § 1491(a)(2), the Court of Federal Claims, as an incident of and collateral to a money judgment, may issue orders directing restitution to office or position, placement in appropriate retirement or duty status, and correction of applicable records, remanding to the agency to accomplish this relief.

The Tucker Act "has long been construed" as waiving sovereign immunity only for those claims seeking damages, and not for those seeking prospective equitable relief (except in very limited circumstances). *See Richardson v. Morris*, 409 U.S. 464, 465, 93 S.Ct. 629, 630, 34 L.Ed.2d 647 (1973)(citing *United States v. Jones*, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90 (1889)). In *Bowen v. Massachusetts*, Massachusetts challenged a final order by the Secretary of Health and Human Service refusing to reimburse the state through the Medicaid program for services related to intermediate care facilities for the mentally retarded. The state filed a complaint in district court alleging jurisdiction pursuant to § 1331 and a waiver of sovereign immunity

---

4.  Under the Little Tucker Act, the District Court has concurrent jurisdiction with the Court of Federal Claims for actions not exceeding $10,000. 28 U.S.C. § 1346(a)(2).

5.  HUD argues: "Where, as here, plaintiffs assert breach of contract claims against HUD, under

the APA and ... § 1331, claiming HUD violated the terms of its Regulatory Agreement, jurisdiction vests exclusively within the Federal Claims court under the Tucker Act." Docket no. 26 at 13.

through the APA and seeking the set aside of an agency decision, an injunction, and declaratory relief. In *Bowen,* the Supreme Court stated:

> The [Court of Federal Claims] does not have the general equitable powers of a district court to grant prospective relief. Indeed, we have stated categorically that "the [Court of Federal Claims] has no power to grant equitable relief." ... We are not willing to assume, categorically, that a naked money judgment against the United States will always be an adequate substitute for prospective relief fashioned in the light of the rather complex ongoing relationship between the parties.

487 U.S. at 905, 108 S.Ct. at 2737–38 (1988)(footnote omitted).[6]

The Supreme Court in *Bowen* held that the district court had jurisdiction to review the Medicaid disallowance decision because, when money damages were not sought by plaintiff,[7] "the doubtful and limited relief available in the Claims Court is not an adequate substitute for review in the District Court." 487 U.S. at 902, 108 S.Ct. 2722. *See Transohio Savings Bank v. Director, OTS,* 967 F.2d 598, 608 (D.C.Cir.1992)("Because the [Court of Federal Claims] cannot grant the equitable relief Transohio seeks—it cannot, for example, order specific performance or rescission—the 'adequate remedy' limitation on the APA's waiver of sovereign immunity does not interfere with the district court jurisdiction over Transohio claims.").

In sum, the precedent suggests that the "adequate remedy" limitation does not interfere with this court's jurisdiction over plaintiff's claims that do not request damages for contract breach. But, as discussed below, the third limitation on the APA's sovereign immunity waiver counsels the court not to consider plaintiff's request for injunctive relief concerning its contract with HUD.

**6.** In the footnote, the Court noted that although amendments to the Tucker Act have given the Court of Federal Claims some equitable powers, the quoted statements from *Richardson* continue to be applicable to actions involving review of an agency's administration of a grant-in-aid program.

### 3. relief expressly or impliedly forbidden by another statute

Section 702 of the APA does not waive sovereign immunity "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." Because plaintiff's case is contractual in nature, the question is whether the Tucker Act "impliedly forbids" the relief sought so that, therefore, the APA does not waive sovereign immunity for the action. Courts have held that § 702 of the APA does not waive sovereign immunity for contract actions against the government. The District of Columbia Circuit in *Transohio Savings Bank,* 967 F.2d at 609, has held:

> "Section 702 'is by its terms inapplicable if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought,' and the Tucker Act and Little Tucker Act impliedly forbid such relief." *Sharp v. Weinberger,* 798 F.2d [1521] at 1523 [ (D.C.Cir.1986) ](citing *Ramirez de Arellano v. Weinberger,* 745 F.2d 1500, 1524 (D.C.Cir.1984)(*en banc* ), vacated on other grounds, 471 U.S. 1113, 105 S.Ct. 2353, 86 L.Ed.2d 255 (1985), and *id.* at 1553 (Scalia, J., dissenting)); *accord Spectrum Leasing Corp. v. United States,* 764 F.2d 891, 893 (D.C.Cir.1985); *Megapulse, Inc. v. Lewis,* 672 F.2d 959, 967 (D.C.Cir.1982). Under the cases, "the Tucker Act impliedly forbids—in APA terms—not only district court awards of money damages, which the Claims Court may grant, but also injunctive relief, which the Claims Court may not. 'The waiver of sovereign immunity in the APA does not run to actions seeking declaratory relief or specific performance in contract cases.' *Sharp,* 798 F.2d at 1523."

Accordingly, the District of Columbia Circuit held that if the case is a government "contract case," the APA does not waive sovereign immunity from suit. *See also, North Star Alaska v. United States,* 14 F.3d 36, 38

**7.** Plaintiff sought reimbursement of moneys paid, rather than money in compensation for losses suffered. 487 U.S. at 902, 108 S.Ct. 2722.

(9th Cir.1994)(APA does not waive sovereign immunity for contractually based claim for equitable relief); *Coggeshall Dev. Corp. v. Diamond,* 884 F.2d 1, 3 (1st Cir.1989)("We are unaware of any waiver of sovereign immunity by the United States as to specific performance for breach of contract."); *State of New Mexico v. Regan,* 745 F.2d 1318, 1322–3 (10th Cir.), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985); *Thomas Creek Lumber v. Madigan,* 815 F.Supp. 355, 358 (D.Or.1993). HUD's supplementary brief cites persuasive language from the Fifth Circuit's decision in *Amoco Production Co. v. Hodel,* 815 F.2d 352, 363 (5th Cir.), *cert. denied,* 487 U.S. 1234, 108 S.Ct. 2898, 101 L.Ed.2d 932 (1988):

> "Little imagination is needed to foresee the consequences of holding that such claims as this [for declaratory judgment and injunctive relief with respect to the amount of royalties and penalties due the United States] may be reviewed either in a court having power to grant equitable relief against the United States or in one having none. We refuse to believe that Congress intended, in enacting the APA, so to destroy the court of claims by implication."

The Fifth Circuit held that it was improper to deny the Claims Court jurisdiction simply because that court could not grant the precise equitable relief requested. 815 F.2d at 367. *See also Castella v. Long,* 701 F.Supp. 578, 586 (N.D.Tex.1988).

In sum, because the Tucker Act established the Court of Federal Claims (with its limited equitable powers) as the forum with primary jurisdiction over contract claims against the government, it has been held to impliedly forbid equitable relief against the government on contract claims in the district courts. But, this conclusion does not end the inquiry in this case. The court also must determine if each of plaintiff's claims concern a contract dispute with the government or if claims independent of a contract dispute are pleaded properly in this court. In *Teitelbaum v. HUD,* 953 F.Supp. 326 (D.Nev. 1996), owners of a building sued HUD to enforce terms of an oral agreement and written workout agreement. Plaintiff sought eq-uitable and declaratory relief and damages. The District Court concluded: "Where a plaintiff's claims are concerned only with the rights created within the contractual relationship and **has [sic] nothing to do with duties that arise independently of the contract,** then the claim is founded upon a contract and within the Tucker Act, subject to its restriction and relief." 953 F.Supp. at 329. The *Teitelbaum* court dismissed all claims against HUD, holding that § 702 of the APA did not waive sovereign immunity to enable the equitable claims to be addressed because the claims for equitable relief "are really contract claims." *Id.*

▮ Plaintiff contends that its claims are equitable in nature and that the APA provides a waiver of sovereign immunity for non-monetary relief. It could be argued that *Bowen* impliedly supports this position that contract actions seeking equitable relief may be heard in district court/magistrate court under the APA. 487 U.S. at 895, 108 S.Ct. 2722; docket no. 39 at 2–3. But, *Bowen* construed the Medicaid statute and regulations and did not involve a contract claim (487 U.S. at 883–4, 108 S.Ct. 2722); *Bowen* did not address the "impliedly forbids" limitation on the APA's waiver of sovereign immunity. It is clear that sovereign immunity is waived under the APA where the action in question is seeking relief other than money damages. But, the jurisdiction of this court does not turn solely on the plaintiff's characterization of its claims as being equitable nature but on whether the actions seeking equitable relief are really contract claims or, as noted in *Teitelbaum,* are claims based on the laws or Constitution of the United States creating "duties that arise independently of the contract." To paraphrase the Federal Circuit in *Katz* (16 F.3d at 1209) and the D.C. Circuit in *Transohio* (967 F.2d at 611), it is one thing to claim that plaintiff may not maintain a contract action, either in the district court or the Court of Federal Claims, seeking specific performance of a contract; but, it is quite another to hold that constitutional or statutory claims challenging agency action cannot be addressed in this court simply because the same action allegedly led to a breach of contract. The Tucker Act "impliedly forbids" under § 702 district court/mag-

istrate court review of pure contract claims—for damages or equitable relief—but not statutory and constitutional claims premised on duties independent of contractual duties.[8] Defendant cites no legislative history to show that Congress intended to preclude any review at all of constitutional, statutory or regulatory claims seeking equitable relief where the constitutional claims pertain to a contract.[9] The parties have cited to the Court no express direction from the Supreme Court and the Fifth Circuit on this issue.[10] Without that precedent and express direction, the court is not inclined to enter such a ruling.

■ To the extent that plaintiff's claims aver a breach of contract, the Court of Federal Claims has exclusive jurisdiction to look into the terms of the contract to reach the merits of the claim. *Brighton Village Associates v. United States*, 31 Fed.Cl. 324, 328 (1994). The APA does not waive sovereign immunity for contract-based claims seeking injunctive relief. *Teitelbaum*, 953 F.Supp. at 330. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3657 at 502–7 (West, 1998)(footnotes omitted)("It was decided early, and the cases have reiterated the point time and time again, that the Tucker Act authorizes suits against the United States only for money damages, not for declaratory or other various forms of equitable relief. The Tucker Act's bar on granting equitable relief appears to preclude all such relief on contract claims against the government, even

if asserted under other statutes (such as the Administrative Procedure Act)." This court will not entertain plaintiff's contract claim, whether for damages or injunctive relief.

■ To the extent, however, that plaintiff has pleaded a constitutional cause of action alleging a due process violation and has raised a claim of arbitrary and capricious action in the meaning of the APA, plaintiff has raised a statutory or constitutional claim for specific relief for which § 702 waives sovereign immunity and over which this court has subject matter jurisdiction even though that claim rests necessarily on the premise that plaintiff's contract with the government gave him the reason to complain about the agency's decision to foreclose and, in effect, terminate HUD's contract with plaintiff.

### Conclusion

In sum, the court holds that it has jurisdiction to consider plaintiff's claim for non-monetary relief under the APA and plaintiff's due process claim.[11] The Court finds that the U.S. Court of Federal Claims has exclusive jurisdiction to consider plaintiff's claim for money damages for breach of contract which could exceed $10,000 and any available injunctive relief. The portion of defendant's motion to dismiss (docket nos. 14 and 26) that requests dismissal of the contract-based claims for damages or injunctive relief is hereby **GRANTED** for lack of subject matter jurisdiction. The portions of defendant's mo-

---

8. *See Jackson Square Associates v. HUD*, 869 F.Supp. 133, 139–40 (W.D.N.Y.1994), *aff'd*, 108 F.3d 329, 1997 WL 100885 (2nd Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 65, 139 L.Ed.2d 27 (1997)(district courts's jurisdiction under APA over low income housing owner's challenge to HUD decision to deny housing owner's request for increased payments under the HAP contract was not precluded by "adequate remedy at law" limitation because action sought review of statutes and regulations and prospective injunctive relief); and *Tucson Airport Authority v. General Dynamics Corp.*, 922 F.Supp. 273 (D.Ariz. 1996)(APA waives sovereign immunity for equitable relief resting at bottom on statutory rights).

9. No constitutional or statutory claims independent of the dispute over royalties owed the government pursuant to a gas lease were raised in *Hodel*.

10. For example, in the supplementary briefs concerning jurisdiction, plaintiff relies on the Supreme Court's decision in *Bowen* and *Hoffman v. HUD*, 519 F.2d 1160 (5th Cir.1975)(district court granted preliminary injunction to prevent foreclosure sale of home and later dismissed complaint for failure to state a claim; Fifth Circuit analyzes claim under APA and affirms) (docket no. 39 at 2–3, 12) and defendant relies on three Fifth Circuit cases, *Hodel, Warner v. Cox* and *Alabama Rural Fire Ins. v. Naylor*, 530 F.2d 1221, 1230 (5th Cir.1976) (docket no. 38 at 2–4). Additional cases were cited in the parties' briefs on the motion to dismiss and motion for preliminary injunction.

11. *See e.g., Lisbon Square v. U.S.*, 856 F.Supp. 482 (E.D.Wis.1994)(plaintiff's due process challenges to Mulitfamily Mortgage Foreclosure Act considered under § 1331).

tion to dismiss (docket nos. 14 and 26) that pertain to claims other than the due process and APA claim are hereby **DENIED as moot** in light of the filing of plaintiff's first amended complaint. The remaining portions of defendant's motion to dismiss, that is, the portions applicable to plaintiff's due process and APA claim are **DENIED** to the extent that defendant argues that the court lacks subject matter jurisdiction; those portions which argue that plaintiff has failed to state a claim upon which relief can be granted **remain pending** and will considered in connection with plaintiff's request for a preliminary injunction.

Accordingly, the scope of the preliminary injunction hearing to be held on December 17, 1998 will be limited to issues relating to plaintiff's due process and APA claim that HUD acted capriciously and arbitrarily when it decided to foreclose on plaintiff's property. In connection with that hearing, the Court will consider whether HUD's motion to dismiss the due process and APA claim should be converted to a motion for summary judgment.[12]

**IT IS SO ORDERED.**

---

12. *See e.g., United States v. Antioch Foundation,* 822 F.2d 693 (7th Cir.1987)(Seventh Circuit affirms order granting summary judgment for HUD on ground that foreclosure decision was not arbitrary or capricious); *Lisbon Square v. United States,* 856 F.Supp. at 489–91 (court grants summary judgment in favor of United States on due process challenge to foreclosure decision); *Jackson Square Associates v. HUD,* 869 F.Supp. at 140–42 (court declines to enter summary judgment in favor of HUD on claim that foreclosure decision was arbitrary, capricious or an abuse of discretion because of genuine issues of material fact).