# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3692

_____

V S  Limited Partnership,          *
an Arkansas Limited Partnership,   *
                                   *
          Appellant,               *
                                   *  Appeal from the United States
     v.                            *  District Court for the Eastern
                                   *  District of Arkansas.
Department of Housing and Urban    *
Development; United States of America,*
                                   *
          Appellees.               *

_____

Submitted:  November 13, 2000

Filed:   December 27, 2000

_____

Before BOWMAN, HEANEY and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Appellant V S Limited Partnership ("VSLP") appeals the district court's[1] dismissal of its law suit against the Department of Housing and Urban Development for want of subject matter jurisdiction.  We affirm.

_____

[1]The Honorable Stephen M. Reasoner, United States District Court for the Eastern District of Arkansas.

In 1985, HUD transferred ownership and control over the Village Square Apartments, located in Little Rock, Arkansas, to VSLP. By the transfer agreement, VSLP agreed to maintain the apartments for low and moderate income families. VSLP also assumed the mortgage on the property, then held by HUD. VSLP kept the mortgage current until 1993 when it defaulted. In 1994, HUD released funds to VSLP and agreed to forego some mortgage payments in order to permit VSLP to make physical improvements. Thereafter, VSLP failed to resume making mortgage payments.

In June 1996, a government inspection revealed approximately $689,664 in necessary repairs. Shortly thereafter, HUD issued a twenty-one day Notice of Foreclosure letter stating its intention to accelerate the mortgage debt. After further proceedings, HUD noticed a foreclosure sale for January 6, 1997. As of January 2, 1997, the loan had been in default since 1993, and VSLP owed HUD approximately $1,295,447. At this time, VSLP filed for bankruptcy under Chapter 11. VSLP eventually withdrew the petition, and a foreclosure sale was held on December 8, 1997. At the foreclosure sale, HUD submitted the highest bid and purchased the apartments for $1,335,635.60.

VSLP filed this lawsuit in April 1998. It alleged that in early 1995, negotiations with HUD officials resulted in a modification or forbearance agreement altering the terms of the mortgage repayment. VSLP raised breach of express and implied contract claims, sought reformation of the alleged contract and reconveyance of the apartments, and alternatively sought monetary damages.

HUD filed a motion to dismiss under Federal Rule 12(b)(1), asserting that the district court lacked subject matter jurisdiction. The district court agreed and dismissed the suit. VSLP appeals, alleging that the district court did have subject matter jurisdiction, or alternatively that the district court should have transferred the action rather than dismissing it.

We review a dismissal for lack of subject matter jurisdiction de novo. Gopher Oil Co. v. Bunker, 84 F.3d 1047, 1050 (8th Cir. 1996). The burden of proving subject matter jurisdiction falls on the plaintiff. Nucor Corp. v. Nebraska Pub. Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989). To sue the United States, VSLP must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction. Presidential Gardens Assocs. v. United States, 175 F.3d 132, 139 (2d Cir. 1999).

This being a contract action brought against the United States, our analysis must begin with the Tucker Act. The Tucker Act waives the United States' sovereign immunity as to contract actions but also vests exclusive subject matter jurisdiction over all such suits in excess of $10,000 in the Court of Federal Claims. 28 U.S.C. §§ 1346, 1491; Mullally v. United States, 95 F.3d 12, 14 (8th Cir. 1996) (actions against the United States founded upon a contract and exceeding $10,000 fall within the exclusive jurisdiction of the Court of Federal Claims).[2]

---

[2] In a few instances, a suit relating to a contract yet involving extra-contractual issues may be heard in a district court. See, e.g., Megapulse, Inc. v. Lewis, 672 F.2d 959, 969 (D.C. Cir. 1982) (finding proper district court subject matter jurisdiction over a suit brought under the Trade Secret Act to protect secrets provided in conjunction with a government contract); see also North Alaska v. United States, 14 F.3d 36, 37 (9th Cir. 1994) (finding lack of subject matter jurisdiction because the entire claim

As VSLP's claims all arise from an express or implied contract, the district court found that under the Tucker Act subject matter jurisdiction properly lay in the Court of Federal Claims. VSLP tries to slip this leash by arguing that the Tucker Act creates jurisdiction only over claims for money damages, while its lawsuit primarily seeks the equitable remedy of reformation. At the very least, VSLP argues, the district court should have retained jurisdiction over its equitable claims.

VSLP, however, misreads the Tucker Act. It is true that the Tucker Act largely limits the Court of Federal Claims to awarding money damages.[3] See United States v. Testan, 424 U.S. 392, 397-98 (1976); Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000); James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998). However, the limit on remedies available in that court does not waive the United States' sovereign immunity and create subject matter jurisdiction in another court for VSLP's claim to an alternate form of relief. Lee v. Thornton, 420 U.S. 139, 140 (1975); Richardson v. Morris, 409 U.S. 464, 466 (1973). Rather, the Tucker Act first vests exclusive jurisdiction over all contract actions exceeding $10,000 against the United States in the Court of Federal Claims, and then limits the remedies available in that court. North Side Lumber Co. v. Block, 753 F.2d 1482, 1485 (9th Cir. 1985). The Tucker Act does

flowed from contract).

[3]The Tucker Act does authorize the Federal Court of Claims to award equitable relief in some circumstances. For instance, it may order re-employment, see 28 U.S.C. § 1491(a)(2) & (b)(2), and may award equitable relief in suits objecting to contract solicitations, see National Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998).

not confer concurrent jurisdiction over all equitable claims in the district courts. C.H. v. Sullivan, 920 F.2d 483, 485 (8th Cir. 1990); see also North Star Alaska v. United States, 14 F.3d 36, 37 (9th Cir. 1994). We find no error in the district court's refusal to retain jurisdiction over VSLP's equitable claims.

VSLP also argues that the National Housing Act ("NHA") both waives sovereign immunity and awards subject matter jurisdiction to the district court in this case. We disagree. The NHA provides that "in carrying out the provisions of this subchapter [the secretary shall] be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1702. The pertinent question then is whether in forming the alleged oral agreement, the HUD officials were "carrying out the provisions" of the NHA.

The NHA, in fact, specifically prohibits the oral modification of mortgage agreements. "The Secretary shall not consent to any request for . . . a modification of the terms of [any mortgage covering multifamily housing] except in conformity with regulations prescribed by the Secretary in accordance with the provisions of this section." 12 U.S.C. § 1715z-4. HUD regulations permit modification of a mortgage agreement only with the approval of the Federal Housing Commissioner, and allow that only when the parties reach terms in writing. 24 C.F.R. § 207.256b (2000).

May an official be said to be "carrying out the provisions" of an act when undertaking actions specifically prohibited by that act and by its implementing regulations? We think not. To permit suit for any such conduct would be to convert a limited waiver of sovereign immunity and equally limited grant of subject matter

jurisdiction into a general invitation to litigation. Under VSLP's theory, any conduct by a HUD official could well be actionable. Accord Teitelbaum v. HUD, 953 F. Supp. 326, 330-31 (D. Nev. 1996) (reaching the same conclusion in a similar matter).[4]

VSLP argues alternatively that the district court erred by dismissing its suit rather than transferring it to the Court of Federal Claims. District courts shall, "in the interest of justice," transfer actions over which they lack jurisdiction to any court in which the action could have originally been brought. 28 U.S.C. § 1631. However, VSLP did not petition the district court for transfer. Nor has VSLP, beyond disagreeing with the district court's action, articulated to this court any reason why such transfer is necessary in the interest of justice. VSLP bore the burden to do so. Gunn v. USDA, 118 F.3d 1233, 1240 (8th Cir. 1997).

---

[4]The present situation must be distinguished from that where a party sues to enforce rights under a contract validly entered into under the NHA, in which case jurisdiction would properly lie in the district court. See Bor-Son Building Corp. v. Heller, 572 F.2d 174, 178-81 (8th Cir. 1978). Here, rather, the officials' alleged conduct ran contrary to their statutory and regulatory authorization, and as such cannot be said to be "carrying out" the NHA.

We affirm the district court.

A true copy.

   Attest:


      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.