UNITED STATES of America,
Plaintiff–Appellee,

v.

Leo F. RADEMACHER; Shirley F. Rademacher, Defendants–Appellants.

No. 99–36075.
D.C. No. CV–98–03020 JPC.

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2001 *.

Decided Aug. 6, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERGUSON, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Defendants Leo F. Rademacher and Shirley F. Rademacher appeal the district court's grant of the government's motion for summary judgment on its claims for breach of contract and eviction. Defendants also appeal the district court's denial of their counterclaim for specific performance. We affirm.

I. *Breach of Contract*

Defendants argue that the government breached the contract by failing to sell them the property for the lesser of its fair-market value or its capitalization value. But the government offered the property to Defendants for $112,000, which is the capitalization value determined in the third appraisal and affirmed by the Department of Agriculture's National Appeals Director (NAD). That value was less than the appraised fair-market value of $210,000.

The heart of Defendants' argument is that the capitalization value is too high. Defendants could have appealed the NAD's determination of the capitalization value in district court, pursuant to 7 U.S.C. § 6999, but they did not. Instead, they simply refused to pay the capitalization value of the property, in violation of the parties' option agreement, and retained possession of the property long after the expiration of the period for payment. Only now, when the government seeks to regain possession of its property, do Defendants challenge the NAD's determination. Defendants may not collaterally

challenge that determination in this proceeding.

We reject Defendants' arguments concerning estoppel and unclean hands for the reasons stated in the district court's order. To the extent that Defendants appeal the district court's rejection of their argument that the government's claim for breach of contract fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), we also reject that argument for the reasons stated in the order.

II. *Eviction*

Defendants argue that, by informing the government in writing that they intended to exercise the option, they gained equitable title in the property, which could be extinguished only in a foreclosure proceeding. Assuming (without deciding) that this is a question of state law, we agree with the district court that no equitable conversion has taken place because specific performance is not available against the United States, and a right to a specific performance is a prerequisite to equitable conversion. *Heider v. Dietz,* 234 Or. 105, 380 P.2d 619, 623 (Or.1963). Accordingly, this claim properly could proceed as an eviction.

III. *Defendants' Counterclaim*

Finally, Defendants argue that the district court erred in rejecting their counterclaim for specific performance. As explained above, the government performed its obligation under the option agreement by offering the property to Defendants for its capitalization value.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.