**Leo F. RADEMACHER;  et al.,
Plaintiffs—Appellants,**

v.

**UNITED STATES of America;  et al., Defendants—Appellees,**

and

**Norman G. Cooper, National Director of the National Appeals Division of the U.S. Department of Agriculture;  et al., Defendants.**

No. 02–35857.

D.C. No. CV–02–03019–ALA(CO).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Jan. 26, 2004.

G. Jefferson Campbell, Jr., Esq., Medford, OR, for Plaintiffs–Appellants.

James L. Sutherland, Esq., Office of the U.S. Attorney, Eugene, OR, for Defendants–Appellees.

No appearance, for Defendants.

Before ALARCON, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

The Appellants, Leo F. and Shirley F. Rademacher ("The Rademachers"), appeal the district court's grant of the government's motion for dismissal. We affirm.

The district court, adopting the findings and recommendations of the magistrate judge in their entirety, found that res judicata barred the Rademachers' claim for judicial review of the agency's determination. Res judicata applies when three conditions are satisfied: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity of or privity between the parties. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001). The parties do not dispute that the last prong, identity of the parties, is met.

The central criterion for determining whether the claims are identical is whether the two suits arise from "the same transactional nucleus of facts." *Id.* at 714 (internal quotation and citation omitted). We find that the essence of both cases was a disagreement over the capitalization value of a parcel of land. The Rademachers held a lease option agreement with the Farmers Home Administration (FHA) of the U.S. Department of Agriculture, pursuant to the Agricultural Credit Act of 1987, 101 Stat. 1678 (Jan. 6, 1988), 12 U.S.C. § 2219a, on a 110–acre parcel of farm land. When the Rademachers attempted to exercise the option, a dispute arose regarding the FHA's determination of the capitalization value. After the Ra-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

demachers' third appeal of the determination within the FHA, the Director of the National Appeals Division (NAD) of the U.S. Department of Agriculture affirmed the propriety of the agency's determination.

The Rademachers continued to occupy the contested parcel after the lease term expired. The United States instituted an action, *United States v. Leo and Shirley Rademacher*, No. CV–98–03020–CO (*"Rademacher I"*), seeking possession of the parcel, damages for trespass, and other relief related to the Rademachers' use of the parcel. Following the Rademachers' petition for bankruptcy, the bankruptcy court stayed the government's claims for damages but allowed the government to proceed on its action to recover possession of the parcel. The government's claims for damages are the only part of *Rademacher I* that remain pending. In *Rademacher I*, the Rademachers asserted that the government breached the lease option by refusing to sell the property at a capitalization value determined in accordance with the regulations and that this failure was a defense relieving them of further performance. The Rademachers also counterclaimed for specific performance of the right to buy the parcel at a capitalization value determined in accordance with the regulations. The government moved for partial summary judgment and for an injunction requiring the Rademachers to vacate the parcel.

In *Rademacher I*, the district court concluded that the Rademachers failed to raise any genuine issue of material fact which might show that the agency's determination was arbitrary and capricious, an abuse of discretion, or contrary to law. The district court also found that the court lacked jurisdiction over the counterclaim for specific performance, because the Rademachers had not shown that the govern-

ment waived sovereign immunity as to specific performance for a breach of contract remedy. *See North Star Alaska v. United States*, 14 F.3d 36, 38 (9th Cir.1994). The district court commented that under 7 U.S.C. § 6999, the Rademachers could have brought a claim for judicial review directly through the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq., because the statute of limitations had not yet run. The Rademachers had not raised such a claim. The district court granted the government's motion for summary judgment on the breach of contract and issued an injunction requiring the Rademachers to vacate the property.

The Rademachers appealed under 28 U.S.C. § 1292(a)(1), and this Court affirmed. In a memorandum, the Court noted that the Rademachers could have brought an APA claim to challenge the FHA's determination of the capitalization value of the property and, having failed to do so, they "may not collaterally challenge that determination in this proceeding." *Rademacher*, 16 Fed.Appx. 735, 736 (9th Cir.2001). We found that the question of judicial review of the agency's determination was "collateral" because the Rademachers raised it as part of their counterclaim for specific performance rather than asserting it directly as its own claim for relief under 7 U.S.C. § 6999. *Id.*

The Rademachers then instituted the present action, *Rademacher v. United States*, D.C. No. CV–02–3019–CO, (*"Rademacher II"*), in which they raised directly an APA claim for judicial review of the agency's determination of the capitalization value under 7 U.S.C. § 6999. The government moved to dismiss for failure to state a claim and argued that the doctrine of res judicata barred the claim. The district court agreed.

Both *Rademacher I* and *Rademacher II* arise from the "same transactional nucleus

of facts." *Owens,* 244 F.3d at 714. The disagreement over the capitalization value motivates both suits. If the Rademachers had agreed with the agency's determination, neither suit would have occurred. The Rademachers would have exercised their option rather than sued for judicial review in *Rademacher II,* and the government would have accepted payment for the parcel rather than sued for ejectment and trespass damages in *Rademacher I.* The suits also involve the same evidence. To challenge the agency's determination now would impair the government's right to the property that *Rademacher I* established. *See Nordhorn v. Ladish Co.,* 9 F.3d 1402, 1405 (9th Cir.1993).

A final judgment exists for res judicata purposes. In *Rademacher I,* the magistrate judge did not reserve any issue relating to the ownership of the parcel for future determination. The court also decided on the form of relief and ordered the Rademachers to vacate the parcel. With respect to the determination of proper title to the parcel, the judgment of the court below and our affirmance were in no way tentative, provisional, or contingent. The determination of proper title to the parcel was final, and the Rademachers cannot relitigate the issue by filing a second suit.

We have considered the Rademachers' other arguments and find them without merit.

AFFIRMED.