# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 12-1493

———————

Cecil James Roth,                        *
                                         *
          Appellant,                     *
                                         *     Appeal from the United States
     v.                                  *     District Court for the
                                         *     Southern District of Iowa.
United States of America,                *
                                         *     [UNPUBLISHED]
          Appellee.                      *

———————

Submitted: July 30, 2012
    Filed: August 2, 2012

———————

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

———————

PER CURIAM.

     Cecil Roth appeals the district court's[1] dismissal of his amended complaint against the United States of America.  He also requests oral argument.  Upon careful de novo review, see Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008), we agree with the district court that it lacked subject matter jurisdiction, see FDIC v. Meyer, 510 U.S. 471, 475 (1994) (sovereign immunity is jurisdictional in nature; absent waiver, sovereign immunity shields Federal Government and its agencies from suit); V S Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir.

———————

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

2000) (to sue United States, plaintiff must show both waiver of sovereign immunity and grant of subject matter jurisdiction), but we clarify that the judgment is without prejudice, see Cnty. of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004) (district court is generally barred from dismissing case with prejudice if it concludes subject matter jurisdiction is absent); Murray v. United States, 686 F.2d 1320, 1327 & n.14 (8th Cir. 1982) (affirming dismissal without prejudice where dismissal was granted on grounds of sovereign immunity).

We affirm the judgment as clarified, see 8th Cir. R. 47B, and we deny Roth's request for oral argument, see Fed. R. App. P. 34(a)(2)(C); 8th Cir. R. 34A.

_____